# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bayview Loan Servicing, LLC; Federal Home Loan Mortgage Corporation, et al., <br><br> Plaintiffs <br><br> v. <br><br> Hartridge Homeowners Association, et al., <br><br> Defendants | Case No.: 2:16-cv-02825-JAD-NJK <br><br> **Order Granting Motion <br> for Summary Judgment on Federal <br> Foreclosure Bar Claims and <br> Closing Case; Final Judgment** <br><br> [ECF Nos. 61, 68, 70, 81] |

Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust. But when that deed of trust belongs to government-sponsored enterprise Federal Home Loan Mortgage Corporation (better known as "Freddie Mac"), and the foreclosure sale occurs while Freddie Mac is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

Freddie Mac and its loan servicer Bayview Loan Servicing, LLC bring this action to determine the effect of a 2011 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a home.[1] Because these plaintiffs have shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in their favor and close this case.

---

[1] This is but one of hundreds of similar cases between lenders and HOA-foreclosure-sale purchasers that have inundated this district for the last five years.

**Background**

Freddie Mac, which has been under the conservatorship of the FHFA since 2008,[2] purchased the mortgage on the home located at 453 Lilly Note Avenue in North Las Vegas, Nevada in 2006, along with the deed of trust that secures it.[3] The deed of trust has been assigned to various nominees acting as Freddie Mac's loan-servicing agents.[4] Bayview currently services the loan and has since August 10, 2015; before that, the loan was serviced by Bank of America.[5] The home is located in the Hartridge common-interest community and subject to its homeowners' association's covenants, conditions, and restrictions (CC&Rs), which require the owners of property within this planned development to pay assessments.[6]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[7] When the owners of this Lilly Note Avenue home, Brent and Dorothy Scott, fell behind on their assessments, the Hartridge Homeowners Association (HOA) bought the property with an apparent credit bid at its own nonjudicial foreclosure sale on December 7, 2011.[8] The sale

---

[2] I take judicial notice of this well-known fact, which no party disputes.
[3] ECF No. 61-2 at ¶ 5(d).
[4] *Id*. at ¶¶ 5(g) & (h); ECF Nos. 61-3 (BAC Home Loans Servicing, fka Countrywide), 61-4 (Bayview).
[5] *Id.*
[6] ECF No. 61-1 at 21 (planned-unit-development rider).
[7] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).
[8] ECF No. 61-9 (foreclosure deed); ECF No. 61-7 (Notice of Default and Election to Sell); ECF No. 61-8 (Notice of Trustee's Sale). I take judicial notice of all recorded documents in the record.

recorded 11 days later.[9] The HOA quit-claimed the property to Las Vegas Real Estate Strategic Investment Group, LLC ("Strategic") in May 2016.[10]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[11] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[12] This safeguard is contained in the Housing and Economic Recovery Act (HERA, codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008.[13] HERA established the FHFA and placed Freddie Mac under that agency's conservatorship.[14] Under HERA's Federal Foreclosure Bar, when Freddie Mac is the beneficiary of the deed of trust at the time of the foreclosure sale and Freddie Mac is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[15]

---

[9] ECF No. 61-9.

[10] ECF No. 7 (amended complaint) at ¶ 41.

[11] *SFR I*, 334 P.3d at 419.

[12] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[13] *Berezovsky*, 869 F.3d at 925.

[14] *Id.*

[15] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

Freddie Mac and Bayview sue the HOA, its foreclosure agent Allied Trustee Services, Inc., and transferee Strategic.[16] They plead quiet-title claims under three theories,[17] asserting that the Federal Foreclosure Bar or the tender of the full superpriority portion of the HOA's lien by Bayview's predecessor servicer BAC Home Loans Servicing prevented the foreclosure sale from extinguishing the deed of trust and, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional as the Ninth Circuit held in *Bourne Valley Court Trust v. Wells Fargo*.[18] Plaintiffs also plead alternative claims for breach of NRS 116.1113 and wrongful foreclosure that are conditioned on the failure of their quiet-title claims, and a claim for injunctive relief during the pendency of this case.[19] I find that the quiet-title claims are all the type of claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[20] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[21]

---

[16] ECF No. 7 (amended complaint).

[17] Plaintiffs spread each theory across two claims, captioned declaratory relief and quiet title. I find that these claims are duplicative and that plaintiffs have really just pled quiet title claims seeking declaratory relief as the remedy.

[18] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016); ECF No. 7 at ¶¶ 76, 87.

[19] *See* ECF No. 7 at ¶¶ 109, 117.

[20] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[21] *Id*. at 1112.

Discovery has closed,[22] and plaintiffs move for summary judgment, arguing that the Federal Foreclosure Bar and Bank of America's pre-foreclosure tender of the full superpriority portion of the HOA's lien saved Freddie Mac's deed of trust on this property from extinguishment.[23] The HOA and Strategic oppose that motion[24] and countermove for summary judgment in their favor, arguing that plaintiffs' claims—filed exactly five years after the foreclosure sale—are time-barred by the applicable statutes of limitations.[25] Because I find that the plaintiffs are entitled to summary judgment on their quiet-title claims under a Federal Foreclosure Bar theory and that HERA's six-year extender statute saves them from being time barred, I enter judgment in their favor on that theory, declare that the foreclosure sale did not extinguish the deed of trust, dismiss all remaining claims, and deny the HOA and Strategic's motions.

**Discussion**

**A. Bayview and Freddie Mac's quiet-title claims are timely.**

Strategic and the HOA urge me to disregard Bayview and Freddie Mac's summary-judgment arguments because their claims are time-barred. Capping a dizzying discussion of possibly applicable deadlines, Strategic concludes that "no mater which statute of limitations the Court applies, Plaintiffs' claims against [it] are time-barred because they did not file their Complaint less than five years before the HOA foreclosure sale."[26] I assume Strategic means *within five years after* the foreclosure sale, suggesting that a five-year deadline at most should

---

[22] ECF No. 56 (scheduling order with discovery cut-off of 9/23/19).
[23] ECF No. 61.
[24] ECF Nos. 67 (Strategic), 69 (HOA).
[25] ECF Nos. 68 (Strategic), 70 (HOA).
[26] ECF No. 68 at 11.

apply to their claims. Strategic reasons that the foreclosure sale occurred on December 7, 2011, so when plaintiffs filed this suit exactly five years later on December 7, 2016, it was too late. The HOA contends that the plaintiffs' claims are even tardier because they are governed by the four-year limitations period in NRS 11.220.[27]

Bayview and Freddie Mac respond that their quiet-title claims are not governed by Nevada's state limitations periods at all. Instead, they are subject to the six-year deadline for contract claims under HERA.[28] Section 4617(b)(12) of HERA, entitled "Statute of limitations for actions brought by conservator or receiver," provides "the applicable statute of limitations with regard to any action brought by the Agency as conservator or receiver" but identifies only two categories of claims: contract and tort.[29] The limitations period for "any contract claim" is the longer of six years or "the period applicable under State law"; and for "any tort claim," the deadline is the longer of three years or any applicable state-law period.[30]

It would appear at first blush that HERA's limitations periods could not apply here because these claims are neither tort nor contract claims—they're equitable quiet-title claims. But courts interpreting HERA have held that § 4617(b)(12) applies to **any** claim brought by the FHFA as conservator "and supplants any other time limitations that otherwise might have applied."[31] So, as I explained in *FHFA v. LN Management LLC, Series 2937 Barboursville*

---

[27] ECF No. 69 at 6.

[28] ECF No. 73 at 6.

[29] 12 U.S.C. § 4617(b)(12)(A).

[30] *Id.*

[31] *See Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville ("Barboursville I")*, 369 F. Supp. 3d 1101, 1108–09 (D. Nev. March 11, 2019) (the non-vacated analysis from which I incorporate herein), *vacated in part on reconsideration in Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville ("Barboursville II")*, 2019 WL 6828293 at *2–3 (D. Nev. Dec. 13, 2019).

6

*("Barboursville I")*, courts must perform "the square-peg-in-round-hole task of sorting [] equitable quiet-title claims into the contract or tort bucket" when HERA's limitations periods apply.[32] I held in *Barboursville I* that quiet-title claims based on the Federal Foreclosure Bar sort into the contract bucket, and I apply that same reasoning to Freddie Mac and Bayview's materially identical claims here.[33] And HERA's six-year extender statute applies to such quiet-title claims whether brought by the FHFA, Freddie Mac, or its loan servicer.[34] So, under HERA, "the applicable statute of limitations" for these claims is "the longer of" six years from claim accrual or "the period under State law."[35] Whether that state-law period is three, four, or five years, I must apply HERA's longer six-year deadline to Bayview and Freddie Mac's claims, making them timely. I thus deny Strategic and the HOA's motions for summary judgment based on the purported untimeliness of these claims, and I turn to the question of whether the plaintiffs have demonstrated that they are entitled to summary judgment based on the Federal Foreclosure Bar.

**B.     The plaintiffs are entitled to summary judgment because the Federal Foreclosure Bar saved the deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[36] preventing a non-judicial foreclosure sale

---

[32] *Id.*

[33] *See Barboursville I*, 369 F. Supp. 3d at 1108–09.

[34] *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, 2019 WL 6828287 at *2 (D. Nev. Dec. 13, 2019) ("HERA's federal six-year limitation period applies to actions contesting the HOA-foreclosure-sale extinguishment of an enterprise-owned deed of trust regardless of whether the action is brought by the Agency, the government-sponsored enterprise, or the authorized loan servicer."), the reasoning from which I incorporate herein.

[35] 12 U.S.C. § 4617(b)(12)(A)(i).

[36] *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017).

under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust while this government enterprise is under the FHFA's conservatorship. The question here is whether plaintiffs have shown that a Freddie Mac interest in this property was protected from the legal effect of NRS 116.3116 by the Federal Foreclosure Bar. The record supports that conclusion, leaving no genuine issue of material fact.

### 1. *The record establishes that Freddie Mac owned the deed of trust at the time of the foreclosure sale.*

There is no dispute that Freddie Mac was under the FHFA's conservatorship at the time of the 2011 foreclosure sale. But the HOA challenges whether plaintiffs have established that the deed of trust belonged to Freddie Mac at the time of the foreclosure sale and that Bayview is the servicer because MERS was the record beneficiary of the deed of trust at the time of the foreclosure sale.[37] The record establishes that, even when MERS was the beneficiary of record, the deed of trust belonged to Freddie Mac—and was thus property of the FHFA protected by the Federal Foreclosure Bar—at the time of this sale.

Plaintiffs offer the declaration of Freddie Mac's Loss Mitigation Senior, Jeffrey K. Jenkins, and corroborating documents to show that Freddie Mac had a valid and enforceable deed of trust on the property at the time of the sale. That declaration establishes that Freddie Mac purchased the loan and deed of trust on or about February 8, 2006, and has owned them ever since.[38] It further establishes that, at the time of the foreclosure sale, Bank of America was servicing the loan under the terms of Freddie Mac's Single-Family Seller/Servicer Guide "on behalf of Freddie Mac from on or about February 8, 2006[,] when Freddie Mac purchased the

---

[37] ECF No. 69 at 3, ¶ 3.

[38] ECF No. 61-2 at ¶ 5(d).

8

Loan until July 16, 2015[,] when servicing of the Loan was transferred from" Bank of America to Bayview.[39] The corroborating documents include printouts of computer records,[40] which Jenkins explains in detail, and relevant portions of Freddie Mac's publicly available Servicer Guide.[41]

I find that Jenkins's declaration sufficiently establishes his familiarity with Freddie Mac's recordkeeping system and the authenticity of the printouts and Guide to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no materially contradictory evidence from the defendants—that the security interest on this property belonged to Freddie Mac at the time of the 2011 foreclosure sale, as it does today. Although the deed of trust is held in Bayview's name,[42] Freddie Mac's documents (including the Guide) show that Bayview is merely its agent for loan-servicing purposes and that the beneficial interest belongs to Freddie Mac.[43] The Nevada Supreme Court found a similar record sufficient to support summary judgment in favor of Freddie Mac based on the Federal Foreclosure Bar earlier this year in *Daisy Trust v. Wells Fargo Bank, N.A.*[44] And the Ninth Circuit reached the same

---

[39] *Id.* at ¶ 5(h).

[40] *Id.* at 8–21.

[41] *Id.* at 23–122.

[42] ECF No. 61-4 (assignment from BAC Home Loans Servicing LP to Bayview).

[43] *See also Berezovsky*, 869 F.3d at 932 (noting that "Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent," and concluding that "[a]lthough the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law").

[44] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. 2019).

conclusion on near-identical records in *Berezovsky* and *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*.[45]

Strategic does not even attempt to deny the applicability of the Federal Foreclosure Bar. It contends instead that the court should relieve it from summary judgment under Rule 56(f) of the Federal Rules of Civil Procedure pending more discovery.[46] But none of the issues on which Strategic claims it still needs discovery goes to the Federal Foreclosure Bar theory—they impact only the value of the property due to fire damage. At best, Strategic speculates that Freddie Mac's interest in the property "may have been extinguished by entitlement to a total loss payment from an insurer."[47] But Strategic—the owner of this property—can't even say when this fire happened, let alone how further discovery has any real chance of showing that the plaintiffs' deed of trust was satisfied.[48] To prevail on a Rule 56(d) request, a party must show,

---

[45] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises. Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale. The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales. Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

[46] ECF No. 68 at 12.

[47] *See id.*

[48] Strategic's claim that it was awaiting records subpoenaed from the fire department was presented more than three months ago, and I note that Strategic has not sought to supplement any filing with the results of that subpoena. And although Strategic moved to compel additional discovery from the plaintiffs regarding possible insurance proceeds, *see* ECF No. 84, that motion was denied as untimely. ECF No. 85. It is clear that Strategic has not been diligent with its discovery efforts on this fire-damage issue—an issue that Strategic, as the property's owner, was in the best position to know about.

among other things, that "the facts sought exist."[49] Because Strategic has not done so, I deny its request for Rule 56(d) relief.

### 2. *There is no evidence that the FHFA consented to extinguish the deed of trust.*

There is also no material issue of fact that the FHFA did not consent to wiping out Freddie Mac's deed-of-trust interest through this foreclosure. The FHFA issued a statement dated April 21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens."[50] Courts may take judicial notice of records like this on government websites,[51] and with this statement, plaintiffs have met their burden to show that they could prove lack of consent at trial.

## Conclusion

The Ninth Circuit's decisions in *Berezovsky* and *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC* provide the applicable legal principles for plaintiffs' Federal Foreclosure Bar theory. I am bound by those principles, and plaintiffs have shown through evidence not subject to genuine dispute that they are entitled to summary judgment on their quiet-title claims based on this theory. So, I grant summary judgment in favor of plaintiffs on their Federal Foreclosure Bar claims and declare that 12 U.S.C. § 4617(j)(3) prevented the 2011 foreclosure sale from extinguishing the deed of trust.

---

[49] *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

[50] ECF No. 61-12; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 12/31/19.

[51] *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noting that the court may take judicial notice of information made publicly available by a government entity when the authenticity of the website and accuracy of the information displayed is not in dispute).

Because I am granting complete quiet-title relief based on the Federal Foreclosure Bar theory, I need not and do not reach the merits of, or arguments challenging, any of the plaintiffs' other quiet-title theories.[52] And because the plaintiffs' remaining claims as pled either are contingent upon a determination that the sale extinguished the deed of trust[53] or seek a pre-judgment remedy,[54] I dismiss all remaining claims as moot. I also deny Strategic's Motion to Strike Reference to Matthew Lubawy's Report and Exclude Testimony[55] as moot because Lubawy's report offers a valuation of the property and is irrelevant to my Federal Foreclosure Bar decision here.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment **[ECF No. 61] is GRANTED in part. Summary judgment is entered in favor of the plaintiffs on their quiet-title claims based on the Federal Foreclosure Bar.** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deed of trust during the 2011 HOA foreclosure

---

[52] I note, without deciding, that it appears that plaintiffs would be entitled to the same declaration based on the tender of the full superpriority portion of the HOA lien because the tender in this case is materially indistinguishable from that in *Bank of America v. SFR Investments Pool 1, LLC*, in which the Nevada Supreme Court held that a nearly identical "tender cured the default as to the superpriority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. Accordingly, the HOA could not convey full title to the property, as [the] first deed of trust remained after foreclosure," so the foreclosure-sale purchaser took the property subject to the deed of trust." *Bank of America v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). But were I to reach plaintiffs' due-process-based quiet-title claim, I would grant the HOA's motion for summary judgment against the plaintiffs on that claim (ECF No. 69 at 6–7) because that claim is founded upon *Bourne Valley*, which is no longer good law. *See my discussion in Nationstar Mortg., LLC v. Saticoy Bay LLC*, No. 2:15-cv-01507-JAD-VCF, 2019 WL 4773772, at *3 (D. Nev. Sept. 29, 2019), which I incorporate herein.

[53] *See* ECF No. 7 at ¶ 109 (breach of NRS 116.1113 claim), ¶ 117 (wrongful foreclosure claim).

[54] ECF No. 7 at ¶ 125 (seeking an injunction "during the pendency of this action"). Moreover, injunctive relief is just a remedy, not an independent cause of action that requires resolution absent a companion motion for injunctive relief.

[55] ECF No. 81.

sale, plaintiffs are entitled to a declaration that the HOA took the property subject to that interest. **All remaining claims are DISMISSED**, and Las Vegas Real Estate Strategic Investment Group, LLC's Motion to Strike Reference to Matthew Lubawy's Report and Exclude Testimony **[ECF No. 81] is DENIED as moot.**

IT IS FURTHER ORDERED that Las Vegas Real Estate Strategic Investment Group, LLC's Countermotion for Summary Judgment or Relief under FRCP 56(d) and Hartridge Homeowners Association's Motion for Summary Judgment **[ECF Nos. 68, 70**] **are DENIED.**

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that **FINAL JUDGMENT is hereby entered** in favor of plaintiffs Bayview Loan Servicing, LLC and the Federal Home Loan Mortgage Corporation, **DECLARING that:**

> the deed of trust for the property located at 453 Lilly Note Avenue in North Las Vegas, Nevada, recorded as Instrument # 20060120-0005591 in the real property records of Clark County, Nevada, on 1/20/06, was not extinguished by the 12/7/11 foreclosure sale, so foreclosure-sale purchaser Hartridge Homeowners Association took the property subject to the deed of trust,

and the Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 31, 2019

13